PIERCE, Chief Judge.
In this case appellant Robert Eugene Brewster appeals to this Court from an order summarily denying his petition to vacate a previous judgment of conviction which he had filed pursuant to CrPR 1.850, 33 F.S.A.
On October 15, 1969, information was filed in the Hillsborough County Criminal Court of Record against Brewster and one Jack Russell Abbott, charging them with *553 the armed robbery of one W. H. Whealton. On December 15, 1969, he was arraigned in open Court and pleaded guilty to the charge, whereupon the Court adjudged him guilty and sentenced him to a term of imprisonment.
Thereafter, on January 26, 1971, he filed motion to vacate the judgment and sentence pursuant to CrPR 1.850. His grounds were: (1) under a U. S. Supreme Court decision he had “the right to counsel before a line up can be had when one is charged, or suspected of committing a felony”, (2) the State’s main witness Wheal-ton “committed perjury against the defendant at the preliminary hearing to get the defendant bound over to Criminal Court”, and the State was aware of such perjury, (3) the State forced him into changing his plea of not guilty to a plea of guilty before the Court would grant the defendant “a Sanity Hearing”, and (4) the trial Court erred when it “accepted a coerced guilty plea, then grant[ed] a sanity hearing”. The grounds are patently insufficient in law and are also without factual support either by the record in the case or by the motion itself.
As to the “line up” proposition it has no connection with the issue now involved. Brewster had no trial, he pleaded guilty, and when asked offered no reason why he should not have been sentenced. And the record is completely devoid in showing that there was ever any “line up” at all.
As to perjury on the part of a State witness at the preliminary hearing, there was no showing that there ever was any preliminary hearing or that there was any testimony taken thereat, let alone any “perjury” committed, and the subject mat--ter of the so-called “perjury”, as set forth in the post-conviction motion, is so insubstantial that it would have had no determinative force, even upon a trial on the merits.
The charge of “coercion” allegedly used by the State to “force” him into changing his plea from not guilty to guilty is the only point we would otherwise seriously consider; but even this point, on the face of the motion, is tied in with the granting of a sanity hearing which would automatically nullify any efficacy the point would otherwise have. Just how the “sanity hearing” was connected with the coercion in changing his plea does not even hazily appear; but in any event the allegations of fact to support the allegation of coercion is completely lacking.
As to the “error” of the trial Court in “accepting a coerced guilty plea”, we need only mention that the allusion that the guilty plea was “coerced” is presumptuous and not supported by the record; furthermore, under CrPR 1.850 the Court is not concerned with merely alleged “error” but only where there has been a clear violation of a constitutional right.
The order appealed from is therefore—
Affirmed.
HOBSON and MANN, JJ., concur.